IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEARCHOICE HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| CLEARCHOICE HEALTH CENTER, INC., | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff ClearChoice Holdings, LLC ("Plaintiff" or "ClearChoice") hereby files its Original Complaint and Application for Injunctive Relief against Defendant Clearchoice Health Center, Inc. ("Defendant") requesting damages and injunctive relief, and in support thereof states as follows:

### I. THE PARTIES

1. Plaintiff ClearChoice Holdings, LLC ("Plaintiff" or "ClearChoice") is a Colorado limited liability company that conducts business in Texas.

2. Defendant Clearchoice Health Center, Inc. ("Defendant") is a Texas company with its principal place of business located at 7080 Southwest Freeway, Suite 150, Houston, Texas 77074. Defendant may be served through its registered agent for service of process, Nawab F. Baloch, at 7080 Southwest Freeway, Suite 150, Houston, Texas 77074.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. § 1338(b) (pendent unfair competition claims).

4. The Court has personal jurisdiction over Defendant because it does business and/or resides in the State of Texas.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Defendant resides in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## III. FACTUAL BACKGROUND

6. Plaintiff ClearChoice is the parent company of ClearChoice Management Services, LLC ("ClearChoice Management"). ClearChoice Management provides non-clinical administrative services to a national network of dental treatment centers known as the ClearChoice Dental Implant Centers, which provide innovative and quality dental implant care to patients across the United States. Each ClearChoice Dental Implant Center is independently owned and operated by licensed and experienced dental professionals.

7. ClearChoice licenses to the dental centers the use of certain ClearChoice trademarks, logos, service marks, and other copyrighted materials owned by ClearChoice. One such dental center is located in Houston, Texas metropolitan area, with locations in both Houston and The Woodlands. ClearChoice has had a location in the State of Texas since August of 2006 and has had a location in the Houston, Texas metropolitan area since 2010.

8. ClearChoice is the owner of the following United States Trademarks:

a. U.S. Registration No. 3,225,921, filed August 17, 2005, for CLEARCHOICE DENTAL IMPLANTS, a printout of which is attached hereto as Exhibit A.

b. U.S. Registration No. 3,553,219, filed March 17, 2008, for CLEARCHOICE DENTAL IMPLANT CENTER, a printout of which is attached hereto as Exhibit B.

c. U.S. Registration No. 4,250,368, filed March 16, 2009, for THE CLEARCHOICE EXPERIENCE, a printout of which is attached hereto as Exhibit C.

d. U.S. Registration No. 4,501,495, filed August 13, 2013, for CLEARCHOICE, a printout of which is attached hereto as Exhibit D.

9. Consumers have come to know the ClearChoice name and ClearChoice Marks as representing the Plaintiff, and associate it with Plaintiff's goods and services. The ClearChoice Marks are famous.

10. On or about November 9, 2012, Defendant filed a Certificate of Formation with the Texas Secretary of State for the creation of a limited liability company called Clearchoice Health Center, Inc. Upon information and belief, Clearchoice Health Center, Inc. is currently an ongoing entity that provides healthcare services, including dental care and dental implant services to patients in the Houston, Texas metropolitan area under the name "Clear Choice Medical Center".

11. Upon information and belief, Defendant also registered and is using the domain name <clearchoicehealthcenter.com> to promote its healthcare services on its website located at http://www.clearchoicehealthcenter.com/. Defendant advertises itself on its website as providing a full range of health-care services, including urgent care, family practice, pediatric services, diagnostics, immunization/vaccines, and high quality lab tests. A reproduction of the home page of Defendant's website at http://www.clearchoicehealthcenter.com/ is attached hereto as Exhibit E and made a part hereof.

12. More critically, Defendant advertises on its website that it provides dental services and provides "comprehensive oral care solutions for [its] patients." Defendant advertises itself as providing dental services in the following fields: general and cosmetic dentistry; pediatric/children's dentistry; oral surgery; orthodontics; and **dental implants**, including traditional implants, mini-implants, and implant dentures.

13. Defendant's continued use of ClearChoice's trademarks is willful and intentional. Specifically, prior to filing this lawsuit, ClearChoice contacted Defendant, informed Defendant of its senior trademarks, and requested that Defendant cease and desist from its unlawful use of ClearChoice's trademarks. Defendant wholly failed to respond to ClearChoice's request.

## IV. CAUSES OF ACTION

### COUNT 1—FEDERAL TRADEMARK INFRINGEMENT

14. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

15. ClearChoice is the owner of the following United States Trademarks:

   a. U.S. Registration No. 3,225,921, filed August 17, 2005, for CLEARCHOICE DENTAL IMPLANTS, a printout of which is attached hereto as Exhibit A.

   b. U.S. Registration No. 3,553,219, filed March 17, 2008, for CLEARCHOICE DENTAL IMPLANT CENTER, a printout of which is attached hereto as Exhibit B.

   c. U.S. Registration No. 4,250,368, filed March 16, 2009, for THE CLEARCHOICE EXPERIENCE, a printout of which is attached hereto as Exhibit C.

   d. U.S. Registration No. 4,501,495, filed August 13, 2013, for CLEARCHOICE, a printout of which is attached hereto as Exhibit D.

16. Each of the foregoing registrations are now valid, subsisting, uncancelled, and unrevoked.

17. Continuously since on or about 2005, ClearChoice has used its CLEARCHOICE DENTAL IMPLANTS mark in connection with and to identify the dental implant services provided by the ClearChoice Dental Implant Centers, and to distinguish said services from similar services offered by other dental service providers, by, and without limitation, prominently displaying said mark on its advertising and promotional materials distributed throughout the United States. The dental implant services provided by the ClearChoice Dental Implant Centers under the CLEARCHOICE DENTAL IMPLANTS trademark are provided nationwide.

18. Continuously since on or about 2008, ClearChoice has used its CLEARCHOICE DENTAL IMPLANT CENTER mark in connection with and to identify the dental implant services provided by the ClearChoice Dental Implant Centers, and to distinguish said services from similar services offered by other dental service providers, by, and without limitation, prominently displaying said mark on its advertising and promotional materials distributed throughout the United States. The dental implant services provided by the ClearChoice Dental Implant Centers under the CLEARCHOICE DENTAL IMPLANT CENTER trademark are provided nationwide.

19. Continuously since on or about 2009, ClearChoice has used its THE CLEARCHOICE EXPERIENCE mark in connection with and to identify the dental implant services provided by the ClearChoice Dental Implant Centers, and to distinguish said services from similar services offered by other dental service providers, by, and without limitation, prominently displaying said mark on its advertising and promotional materials distributed throughout the United States. The dental implant services provided by the ClearChoice Dental

Implant Centers under the THE CLEARCHOICE EXPERIENCE trademark are provided nationwide.

20. Continuously since on or about 2005, ClearChoice has used its CLEARCHOICE mark in connection with and to identify the dental implant services provided by the ClearChoice Dental Implant Centers, and to distinguish said services from similar services offered by other dental service providers, by, and without limitation, prominently displaying said mark on its advertising and promotional materials distributed throughout the United States. The dental implant services provided by the ClearChoice Dental Implant Centers under the CLEARCHOICE trademark are provided nationwide.

21. In addition, as of the date of the filing of this complaint, ClearChoice is actively engaged in expanding its use of the CLEARCHOICE DENTAL IMPLANTS, CLEARCHOICE DENTAL IMPLANT CENTER, THE CLEARCHOICE EXPERIENCE, and CLEARCHOICE trademarks in connection with services in interstate commerce throughout the United States, including services similar to those offered by the Defendant.

22. Defendant has infringed ClearChoice's marks in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of services under the names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." of a type similar to the services offered by the ClearChoice Dental Implant Centers and the registration and operation of the domain name www.clearchoicehealthcenter.com, prominently displaying, advertising, and promoting services under the names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc."

23. Defendant's use of the names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." in connection its services and the registration and operation of the domain

name www.clearchoicehealthcenter.com are without permission from or the authority of ClearChoice and said use is likely to cause confusion, to cause mistake, and/or to deceive.

24. Defendant's use of the names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." in connection its services and the registration and operation of the domain name www.clearchoicehealthcenter.com have been made notwithstanding ClearChoice's well-known and prior established rights in the CLEARCHOICE DENTAL IMPLANTS, CLEARCHOICE DENTAL IMPLANT CENTER, THE CLEARCHOICE EXPERIENCE, and CLEARCHOICE trademarks, and with both actual and constructive notice of ClearChoice's federal registration rights under 15 U.S.C. § 1072.

25. Upon information and belief, Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to ClearChoice's business, reputation, and goodwill in its federally registered CLEARCHOICE DENTAL IMPLANTS, CLEARCHOICE DENTAL IMPLANT CENTER, THE CLEARCHOICE EXPERIENCE, and CLEARCHOICE trademarks. ClearChoice has no adequate remedy at law.

**COUNT 2—FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

27. Upon information and belief, Defendant has used the designations "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." in connection with its services and registered and operated the domain name www.clearchoicehealthcenter.com to advertise and promote its services in interstate commerce. Such use is a false designation of origin, a false or misleading description, and a representation of fact which is likely to cause confusion and to

cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with ClearChoice and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by ClearChoice.

28. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ClearChoice's business, reputation, and goodwill in its federally registered CLEARCHOICE DENTAL IMPLANTS, CLEARCHOICE DENTAL IMPLANT CENTER, THE CLEARCHOICE EXPERIENCE, and CLEARCHOICE trademarks. ClearChoice has no adequate remedy at law.

### COUNT 3—FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

30. The CLEARCHOICE DENTAL IMPLANTS, CLEARCHOICE DENTAL IMPLANT CENTER, THE CLEARCHOICE EXPERIENCE, and CLEARCHOICE trademarks are highly recognized and widely used in interstate commerce in the United States. Among other things, (a) the marks have acquired a high degree of distinctiveness, (b) Clear Choice has used the CLEARCHOICE DENTAL IMPLANTS mark as early as 2005, the CLEARCHOICE DENTAL IMPLANT CENTER mark as early as 2008, and the THE CLEARCHOICE EXPERIENCE mark as early as 2009, and the CLEARCHOICE mark as early as 2005, all well prior to Defendant's use of "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." (c) ClearChoice has extensively advertised and publicized its marks for many years throughout the United States, (d) ClearChoice has used the marks in a broad geographical area

encompassing all states of the United States, and (e) the marks have an extremely high degree of recognition among the dental services industry.

31. ClearChoice's marks are "famous" as defined by 15 U.S.C. § 1125(c) because of the marks' acquired distinctiveness in identifying ClearChoice's promotion, advertising, and performance of the dental implant care provided by the ClearChoice Dental Implant Centers.

32. The acts of Defendant as described above are commercial uses in commerce that dilute and detract from the distinctiveness of the ClearChoice marks and will severely tarnish the ClearChoice marks, with consequent damage to ClearChoice and the services and goodwill symbolized by the ClearChoice marks, in violation of the Federal Trademark Dilution Act of 1996, codified at 15 U.S.C. § 1125(c).

33. Defendant's acts of willful trademark dilution have caused and are causing great and irreparable injury to ClearChoice, ClearChoice's trademarks, and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving ClearChoice with no adequate remedy at law.

## COUNT 4—FEDERAL UNFAIR COMPETITION

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

35. The acts of Defendant complained of herein constitute unfair competition, including false designation of origin and false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants' acts have caused ClearChoice to sustain monetary damage, loss, or injury, in an amount to be determined at trial.

37. Defendant engaged in these activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages in an amount to be determined at trial.

### COUNT 5—COMMON LAW TRADEMARK INFRINGEMENT

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

39. The acts and conduct of Defendant, as set forth above in this Complaint, constitute trademark infringement under Texas common law.

40. Defendant's conduct as alleged above has caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to ClearChoice's trademarks, business, reputation, and goodwill. ClearChoice has no adequate remedy at law.

### COUNT 6—COMMON LAW UNFAIR COMPETTITION

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

42. The acts and conduct of Defendant, as set forth above in this Complaint, constitute unfair competition under Texas common law.

43. Defendant's conduct as alleged above has caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to ClearChoice's trademarks, business, reputation, and goodwill. ClearChoice has no adequate remedy at law.

### COUNT 7— VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (CYBERPIRACY) 15 U.S.C. § 1125(d)

44. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

45. As alleged above, Defendant has registered and used an Internet domain name that contains or consists or trades off of ClearChoice's trademarks (the "Infringing Domain Name").

46. Defendant has registered and is using the Infringing Domain Name without Plaintiff's authorization and with a bad faith intent to profit from ClearChoice's trademarks, in violation of 15 U.S.C. 1125(d).

47. ClearChoice's trademarks were distinctive and famous at the time Defendant registered the Infringing Domain Name and remain distinctive today.

48. The Infringing Domain Name is confusingly similar to ClearChoice's trademarks at the time Defendant registered the Infringing Domain Name and remains so today.

49. The Infringing Domain Name does not resolve/direct to websites owned by Plaintiff. Rather, it resolves/directs to a website controlled by Defendant, which profits from its use.

50. Defendant did not believe and could not reasonably have believed its use of the Infringing Domain Name constituted fair use or was otherwise lawful.

51. As a result of Defendant's wrongful registration and use of the Infringing Domain Name, Plaintiff will suffer substantial damages, as well as the continuing loss of the goodwill and reputation established by it in its trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct and orders that the Infringing Domain Name be transferred to Plaintiff.

## V. APPLICATION FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully set forth herein.

53. As reflected above, Defendant's wrongful acts have caused, and are continuing to cause, irreparable injury to Plaintiff for which there is no adequate remedy at law.

54. Plaintiff has established a substantial likelihood of success on the merits in this matter.

55. The harm faced by Plaintiff outweighs any harm that would be sustained by Defendant if the preliminary injunction were granted; indeed, the continued damage to ClearChoice's marks and the business, reputation, and goodwill in its federally registered CLEARCHOICE DENTAL IMPLANTS, CLEARCHOICE DENTAL IMPLANT CENTER, THE CLEARCHOICE EXPERIENCE, and CLEARCHOICE trademarks greatly exceeds any harm Defendant could conceivably suffer. Moreover, the issuance of a preliminary injunction would not adversely affect the public interest. To the contrary, public interest is served in removing the confusion Defendant is causing. Plaintiff is willing to post a bond.

56. Therefore, Plaintiff asks this Court to (a) enter a preliminary injunction, from now until such time as there is a trial on the merits, and subsequently (b) enter a permanent injunction, after a trial on the merits, requiring Defendant (and its agents, assigns, representatives or any person who is participating or is in active concert with it), who receive actual notice of this Court's order by personal service, telecopy, e-mail, or otherwise to do the following:

   a. immediately refrain from using in connection with the promotion, advertising, or provision of any products or services the names "Clear Choice Medical Center" and/or

"Clearchoice Health Center, Inc." or any other name confusingly similar to ClearChoice's federally registered trademarks;

b. immediately refrain from owning or operating the domain name www.clearchoicehealthcenter.com or any other domain name confusingly similar to ClearChoice's federally registered trademarks;

c. surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." pursuant to Section 36 of the Lanham Act 15 U.S.C. § 1118;

d. transfer to ClearChoice the infringing domain name www.clearchoicehealthcenter.com and any other domain names registered to and/or used by Defendant that are confusingly similar to ClearChoice's federally registered trademarks; and

e. de-certify and/or de-register the entity name "Clearchoice Health Center, Inc." with the Texas Secretary of State and any other governing body.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, ClearChoice respectfully requests that the Court award judgment against Defendant Clearchoice Health Center, Inc., and grant ClearChoice the following:

A. Actual, direct, and consequential damages, lost profits, and treble damages;

B. Exemplary damages;

C. Pre-judgment interest and interest on the judgment;

D. Attorneys' fees, expenses, and costs;

E. A preliminary injunction compelling the following:

1. immediately restrain Defendant from using in connection with the promotion, advertising, or provision of any products or services the names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." or any other name confusingly similar to ClearChoice's federally registered trademarks;

2. order Defendant to surrender for preservation, and destruction upon final judgment, all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." pursuant to Section 36 of the Lanham Act 15 U.S.C. § 1118;

3. order Defendant to remove from public access and cease operating the infringing domain name www.clearchoicehealthcenter.com and any other domain names registered to and/or used by Defendant that are confusingly similar to ClearChoice's federally registered trademarks;

F. A permanent injunction compelling the following:

1. immediately and permanently restrain Defendant from using in connection with the promotion, advertising, or provision of any products or services the names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." or any other name confusingly similar to ClearChoice's federally registered trademarks;

2. immediately and permanently restrain Defendant from owning or operating the domain name www.clearchoicehealthcenter.com or any other domain name confusingly similar to ClearChoice's federally registered trademarks;

3. order Defendant to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing names "Clear Choice Medical Center" and/or "Clearchoice Health Center, Inc." pursuant to Section 36 of the Lanham Act 15 U.S.C. § 1118;

4. order Defendant to transfer to ClearChoice the infringing domain name www.clearchoicehealthcenter.com and any other domain names registered to and/or used by Defendant that are confusingly similar to ClearChoice's federally registered trademarks;

5. order Defendant to de-certify and/or de-register the entity name "Clearchoice Health Center, Inc." with the Texas Secretary of State and any other governing body;

G. Such other and further relief to which it may show itself to be justly entitled, at law or in equity.

Respectfully submitted,

*/s/ Victor C. Johnson*
Victor C. Johnson
Texas Bar No. 24029640
Brian A. Colao
Texas Bar No. 00793528
Zachary Hoard
Texas Bar No. 24053836
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400 – Telephone
(214) 462-6401 – Facsimile

**COUNSEL FOR PLAINTIFF CLEARCHOICE HOLDINGS, LLC**